IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA

Case. No. 6:13-cr-00344-MC

v.

ORDER

MATTHEW LOUIS COLLINS,

    Defendant.

_____

**MCSHANE, Judge:**

    Pursuant to 28 U.S.C. § 2255, defendant moves to vacate or correct his 140 month sentence. Collins argues his sentence was unconstitutional because the "career offender" sentencing guidelines are void for vagueness and therefore violate the due process clause. Collins based his argument on the Supreme Court's decisions in *Johnson v. United States*, 135 S.Ct. 2551 (2015) striking down as unconstitutionally vague the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and *Welch v. United States*, 136 S. Ct. 1257 (2016) holding *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. Collins argued that because the sentencing guidelines used to enhance his guideline range mirror the ACCA's residual clause, he is entitled to relief.

The parties agreed the matter should be stayed pending the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (March 6, 2017) as *Beckles* dealt with a void for vagueness challenge of the same sentencing guideline Collins challenges. Following the Supreme Court's decision in *Beckles*, the United States moves to dismiss Collins's petition. Collins did not respond to the government's motion—likely because *Beckles* determines the outcome here—and the time to do so has passed.

Like Collins, Beckles was subject to an enhanced sentence as a "career offender" under §4B1.2(a)'s residual clause. Like Collins, Beckles argued that after *Johnson*, his enhanced sentence was unconstitutionally vague. In *Beckles*, the Court noted the ACCA's residual clause:

> fixed—in an impermissibly vague way—a higher range of sentences for certain defendants. Unlike the ACCA, however, the advisory guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in §4B1.2(a)(2) therefore is not void for vagueness.

137 S.Ct. at 892 (citations omitted).

*Beckles* forecloses Collins's argument here. Because Collins also challenges §4B1.2(a)(2) as void for vagueness, his petition, ECF No. 41, is DENIED and the government's motion to dismiss, ECF No. 52, is GRANTED.

IT IS SO ORDERED.

DATED this 23rd day of June, 2017.

　　　　　　/s/ Michael McShane　　　
　　　　　　Michael McShane
　　　　　United States District Judge