IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

        Plaintiff,                          Case No. 6:13-cr-344-MC

        v.

                                            OPINION AND ORDER

**MATTHEW LOUIS COLLINS,**

        Defendant.

_____

**MCSHANE, Judge**:

    Defendant Matthew Collins moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). ECF No. 54. Defendant has approximately three years remaining to serve on a 140-month sentence.

    Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate relief after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

    (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

    (iii) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

1 – OPINION AND ORDER

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court must also consider whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

Defendant argues the threat of serious illness or death from COVID-19 presents extraordinary and compelling reasons justifying compassionate release. Defendant suffers from COPD, obesity, hyperlipidemia, hypertension, depression, glaucoma, and a host of other health issues. Assuming, without deciding, that Defendant's health issues demonstrate extraordinary and compelling reasons justifying compassionate release, the Court finds Defendant has not demonstrated he poses no danger to the community if released.

Defendant is a career offender and is serving a sentence for possession with intent to distribute methamphetamine. Defendant is currently 55 years old and committed the offense in this case in May 2013. Defendant has a lengthy criminal history involving drugs and violence. At sentencing, the Government noted:

> He has been a Central Oregon drug dealer for quite some time, and to put it simply, he's been running amuck out there. Since his twenties he has been convicted of dealing in coke; dealin in meth. He has been arrested with firearms. He has been involved in multiple burglaries, one of which resulted in someone being beat in the side of the head with a crowbar.

ECF No. 32, 5.

Defendant began abusing drugs at 10 years of age. ECF No. 32, 6. Defendant's attorney at sentencing confirmed that Defendant's crimes were "always under the influence of drugs and motivated by that. That's—when he's away from that, he's a totally different person. So hopefully we can see that person when he's finished with his sentence." ECF No. 32, 8.

Defendant testified that while he did very well during a five-year period of sobriety, unfortunately he relapsed, lost his business, "and I went off the deep end, and I started using again, and I wasn't able to stop." ECF No. 32, 9.

Unfortunately, Within the last three years, Defendant received three sanctions for possession of alcohol or drugs while serving the current sentence. Gov't Ex. 1, 1. The last sanction was imposed after Defendant admitted to possessing narcotics on February 13 of this year. Ex. 1, 1. Given Defendant's long history of criminal activity while under the influence of narcotics, and given Defendant's three recent prison sanctions for possessing drugs and alcohol, the Court finds Defendant presents a danger to the community if released. Defendant, and the community, will benefit from treatment services the BOP can provide. Simply ordering Defendant released, to live with a friend in California, seems to be setting Defendant up to fail.

Defendant's Motion to Reduce Sentence, ECF No. 54, is DENIED.

IT IS SO ORDERED.

DATED this 8th day of September, 2020.

                                                **/s Michael McShane**
                                                Michael J. McShane
                                                United States District Judge